Slip Op. 17-50

## UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| PAO SEVERSTAL and SEVERSTAL EXPORT GMBH,<br><br>      Plaintiffs,<br><br>v.<br><br>UNITED STATES,<br><br>      Defendant,<br><br>      and<br><br>ARCELORMITTAL USA LLC,<br>AK STEEL CORPORATION,<br>NUCOR CORPORATION, and<br>UNITED STATES STEEL CORPORATION,<br><br>      Defendant-Intervenors. | Before: Gary S. Katzmann, Judge<br><br>Court No. 16-00172 |

### OPINION

[Defendant's Motion to Dismiss is granted.  Plaintiffs' Complaint is dismissed without prejudice.]

Dated:  April 25, 2017

Daniel J. Cannistra and Benjamin Blase Caryl, Crowell & Moring LLP, of Washington, DC, argued for plaintiffs.

Renee A. Burbank, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, argued for defendant.  With her on the brief were Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Jeanne E. Davidson, Director, and Patricia M. McCarthy, Assistant Director.  Of counsel on the brief was Michael T. Gagain, Attorney, Office of the Chief Counsel for Trade Enforcement & Compliance, U.S. Department of Commerce, of Washington, DC. Of counsel, Lydia Pardini, Attorney, Office of the Chief Counsel for Trade Enforcement & Compliance, U.S. Department of Commerce, of Washington, DC, argued for defendant.

Brooke Ringel, Kelly Drye & Warren, LLP, of Washington, DC, argued for defendant-intervenor.

Katzmann, Judge:  If this case evokes a sense of déjà vu, it is because it presents from the same record the principal question posed and addressed in an opinion issued today by this court in ArcelorMittal v. United States, 41 CIT __, Slip Op. 17-49 (April 25, 2017) ("ArcelorMittal"): Does a foreign exporter and producer, having obtained a de minimis subsidy rate in an investigation by the U.S. Department of Commerce ("Commerce"), and not being subject to a countervailing duty ("CVD") order, nonetheless have standing to challenge Commerce's calculation of that subsidy rate.  Put another way, where a party ultimately prevails at the administrative level in Commerce's investigation, must its challenge to that proceeding fail because there is no case or controversy and thus no jurisdiction lies?

This matter is before the court on defendant United States' Rule 12(b)(1) Motion to Dismiss for Lack of Jurisdiction plaintiffs PAO Severstal and Severstal Export GmbH's (collectively "Severstal") action.  Def.'s Mot. Dismiss for Lack of Jurisdiction, Dec. 2, 2016, ECF No. 35 ("Def.'s Mot."); Pl.'s Compl., Sep. 26, 2016, ECF No. 10 ("Pl.'s Compl.").  Severstal, a foreign exporter and producer of cold-rolled steel flat products from Russia, challenges certain factual findings and legal conclusions upon which Commerce's final determination in the CVD investigation of certain cold-rolled steel flat products from the Russian Federation is based. Countervailing Duty Investigation of Certain Cold-Rolled Steel Flat Products From the Russian Federation:  Final Affirmative Countervailing Duty Determination and Final Negative Critical Circumstances Determination, 81 Fed. Reg. 49,935 (Dep't Commerce July 29, 2016) ("Final Determination") and the accompanying July 20, 2016 Issues and Decision Memorandum, C–821–823.  For the reasons set forth below, the court finds that it lacks subject matter jurisdiction to hear Severstal's claim and grants defendant's motion to dismiss without prejudice.

**BACKGROUND**

The court need not detail the factual and administrative background resulting in the Final Determination, as it is the same as that set forth in ArcelorMittal.[1]

Severstal filed suit on August 26, 2016 and filed its complaint, containing four counts, one month later.  Pl.'s Sum., ECF No. 1; Pl.'s Compl.  Count four is essentially identical to the sole count in Severstal's cross-claim in 16-cv-00168; Severstal in both is challenging Commerce's determination to apply adverse facts available ("AFA") in calculating the benefit from the tax deduction for exploration expenses subsidy program.  Pl.'s Compl. ¶¶ 44–48.  In the other three counts, Severstal alleges and challenges, first, Commerce's use of the price of coal, rather than the price of coal mining rights, as the benchmark for its calculation of benefit under the provision of coal mining rights for less than adequate remuneration ("LTAR") program; second, Commerce's comparison of coal prices to a constructed coal price that does not include several costs Severstal allegedly incurred in obtaining and delivering coal to its steel factory, rather than a comparison of a constructed coal mining right price benchmark to Severstal's coal mining rights prices; and third, Commerce's alleged refusal to include most of Severstal's coal extraction-related costs in its construction of a Severstal coal price used to calculate the benefit for the provision of coal mining rights for LTAR program.  Pl.'s Compl. ¶¶ 32–43.

---

[1] In ArcelorMittal, Severstal, as defendant-intervenor, challenges through cross-claim certain factual findings and legal conclusions made by Commerce in the Final Determination.  Defendant United States has moved in that action to dismiss Severstal's cross-claim, which this court grants in the contemporaneous opinion noted above.

The Government moved under Rule 12(b)(1) of this Court to dismiss Severstal's action for lack of jurisdiction.  Def.'s Mot.; USCIT R. 12(b)(1).  Severstal responded on January 9, 2017, and the Government replied on January 30.  Pl.'s Opp'n., ECF No. 39 ("Pl.'s Opp'n"); Def.'s Reply, ECF No. 41 ("Def.'s Reply").  Defendant argues that Severstal, having obtained a <u>de minimis</u> subsidy rate in Commerce's investigation, and not being subject to any CVD order,[2] cannot show injury in fact,[3] and thus lacks standing to file suit against the defendant.  Def.'s Mot. at 2–6.

## JURISDICTION AND STANDARD OF REVIEW

The party seeking to invoke the Court's jurisdiction carries the burden of establishing that subject matter jurisdiction lies.  <u>Nat'l Presto Indus., Inc. v. Dazey Corp.</u>, 107 F.3d 1576, 1580 (Fed. Cir. 1997).  This burden extends to each cause of action asserted.  <u>DaimlerChrysler Corp. v. United States</u>, 442 F.3d 1313, 1318–19 (Fed. Cir. 2006); <u>see</u> <u>Washington Red Raspberry Com. v. United States</u>, 11 CIT 173, 183–84, 657 F. Supp. 537, 545–46 (1987).  "[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the complaint must be dismissed in its entirety."  <u>Arbaugh</u>

---

[2] On September 16, 2016, the International Trade Commission ("ITC") determined that "imports of cold-rolled steel flat products from Russia that are sold in the United States at [less than fair value] and subsidized by the government of Russia are negligible" and terminated the investigations.  <u>Cold-Rolled Steel Flat Products From Brazil, India, Korea, Russia, and the United Kingdom</u>, 81 Fed. Reg. 63,806 (ITC Sep. 16, 2016) (final determination); <u>Cold-Rolled Steel Flat Products From Brazil, India, Korea, Russia, and the United Kingdom</u>, USITC Pub. 4637, USITC Inv. Nos. 701-TA-540, 542-544 and 731-TA-1283, 1285, 1287, and 1289-1290 (Sep. 2016); <u>see</u> 19 U.S.C. § 1671d(b)(1).  As a result, no CVD order was issued as to Russian importers of cold-rolled steel flat products.

[3] Plaintiffs acknowledge in regard to all four counts: "The claims put forth below in paragraphs 32-48 are <u>contingent upon a finding by Commerce that reverses the negative Final Determination as to Severstal</u>."  Pl.'s Compl. ¶ 5 (emphasis added).

v. Y&H Corp., 546 U.S. 500, 502 (2006), quoted in Nitek Elec., Inc. v. United States, 36 CIT

____, ____, 844 F. Supp. 2d 1298, 1302 (2012), aff'd, 806 F.3d 1376 (Fed. Cir. 2015).

     In deciding a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the

Court "accepts as true all uncontroverted factual allegations in the complaint," Engage Learning,

Inc. v. Salazar, 660 F.3d 1346, 1355 (Fed. Cir. 2011), cited in Nitek, 844 F. Supp. 2d at 1302, and

draws all reasonable inferences in the plaintiff's favor. Carl v. U.S. Sec'y of Agric., 36 CIT ____,

____, 839 F. Supp. 2d 1351, 1352 (2012) (citing Cedars–Sinai Med. Ctr. v. Watkins, 11 F.3d 1573,

1583–84 (Fed. Cir. 1993); Henke v. United States, 60 F.3d 795, 797 (Fed. Cir. 1995)).

## DISCUSSION

     Severstal submits that the Court possesses jurisdiction to entertain this action pursuant to

28 U.S.C. § 1581(c).  Pl.'s Compl. ¶ 2.  Severstal also argues that it is an interested party within

the meaning of 19 U.S.C. §§ 1677(9)(A) and 1516a(f)(3), having participated fully in the

underlying countervailing duty investigation at issue, and thus has standing pursuant to 19 U.S.C.

§ 1516a(d) and 28 U.S.C. § 2636(c).  Pl.'s Compl. ¶ 3.  The Government takes issue not with

Severstal's status as an interested party who participated fully in the underlying proceeding, but

rather with Severstal's standing under the United States Constitution, specifically regarding the

necessary presence of an injury in fact.  Def.'s Mot. at 3–5; Def.'s Reply at 3–4.

     The jurisdiction of Federal Courts is limited to "Cases" and "Controversies."  U.S. Const.

art. III, § 2, cl. 1.  "A necessary component of establishing a case or controversy pursuant to Article

III is standing."  Royal Thai Gov't v. United States, 38 CIT ____, ____, 978 F. Supp. 2d 1330,

1333 (2014) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) ("[T]he core

component of standing is an essential and unchanging part of the case-or-controversy requirement

of Article III.")).  To establish standing, the plaintiff must show an "injury in fact" that is "concrete and particularized" as well as "actual or imminent, not conjectural or hypothetical." Royal Thai, 978 F. Supp. 2d at 1333 (quoting Lujan, 504 U.S. at 560).   Additionally, the plaintiff must demonstrate that the injury is "fairly traceable to the challenged action" and that it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Id. (quoting Lujan, 504 U.S. at 560–61).

The U.S. Court of Appeals for the Federal Circuit and this Court have held that when a respondent challenges an administrative proceeding in which it has prevailed, there is no case or controversy, and thus no jurisdiction lies. Zhanjiang Guolian Aquatic Prod. Co. v. United States, 38 CIT ____, ____, 991 F. Supp. 2d 1339, 1342 (2014) (citing Royal Thai, 978 F. Supp. 2d. at 1333); see Rose Bearings Ltd. v. United States, 14 CIT 801, 802–03, 751 F. Supp. 1545, 1546–47 (1990); see also Freeport Minerals Co. v. United States, 758 F.2d 629, 634 (Fed. Cir. 1985). Because Commerce assigned Severstal a de minimis subsidy rate, Severstal prevailed as a respondent in the underlying proceeding.  A de minimis subsidy rate removes a respondent from payment obligations under a relevant CVD order.   19 U.S.C. § 1671d(a)(3) ("In making a determination under this subsection, [Commerce] shall disregard any countervailable subsidy rate that is de minimis . . . ."); see 19 U.S.C. § 1671b(b)(4); 19 C.F.R. § 351.204(e)(1) (2016) ("The Secretary will exclude from an . . . order under [19 U.S.C. § 1671e] . . . any exporter or producer for which the Secretary determines an individual weighted-average dumping margin or individual net countervailable subsidy rate of zero or de minimis."). Further, the ITC determined that imports of subsidized steel from Russia are negligible, resulting in the termination of the CVD investigation without the issuance of a CVD order. Supra n.2; see Royal Thai, 978 F. Supp. 2d at

1333 ("The lack of a CVD order means that plaintiff is currently not suffering any actual or

imminent injury in fact due to any alleged errors committed by Commerce.") (citing Lujan, 504

U.S. at 560); Zhanjiang, 991 F. Supp. 2d at 1342 ("[T]he fact that no CVD order has been issued

means that Plaintiff is not suffering any injury due to the errors it alleges the ITC committed.");

19 U.S.C. § 1671d(c)(2)(B) (mandating that cash deposits be refunded and the relevant

investigation be terminated in the event that either Commerce or the ITC makes a negative final

injury determination).  Severstal's disagreement with Commerce's AFA application in the

underlying proceeding does not overcome the reality that it has not been injured by Commerce's

Final Determination.  "[A] prevailing party may not appeal an administrative determination merely

because it disagrees with some of the findings or reasoning."  Royal Thai, 978 F. Supp. 2d at 1333

(quoting Rose Bearings, 14 CIT at 803).

Severstal contends that "[t]he specific injury that is imminent . . . is receiving an above-de

minimis countervailing duty rate on remand and not being able to challenge the factual findings

and legal conclusions contained in Commerce's final determination." Pl.'s Opp'n at 12.  The court

addresses these alleged injuries in turn.

The possibility of receiving an above-de minimis countervailing duty rate on remand fails

to constitute an injury in fact, as several hypothetical events would need to occur before Severstal

would be required to post cash deposits or pay countervailing duties.  A plaintiff with standing,

such as ArcelorMittal in ArcelorMittal, would first need to succeed in obtaining remand of the

Final Determination to Commerce.  The agency would then need to calculate an above-de minimis

countervailing duty rate for Severstal on remand.  See supra n.2.  This is the event that Severstal

characterizes as an imminent injury.  Even at this step, however, Severstal would not be subject to

a CVD order, unless the ITC had also reversed its negative injury determination.  This chain of

independent decisions and hypothetical outcomes cannot be said to be imminent.  "Although

imminence is concededly a somewhat elastic concept, it cannot be stretched beyond its purpose,

which is to ensure that the alleged injury is not too speculative for Article III purposes . . . ."

Clapper v. Amnesty Int'l USA, 568 U.S. ____, ____, 133 S. Ct. 1138, 1147 (2013) (quoting Lujan,

504 U.S. at 565, n.2).  Severstal's desired outcome of a remand would not remediate any actual or

imminent injury.  See Lujan, 504 U.S. at 561 ("[I]t must be likely, as opposed to merely

speculative, that the injury will be redressed by a favorable decision.") (citing Simon v. E. Ky.

Welfare Rights Org., 426 U.S. 26, 41 (1976)) (internal quotation marks omitted).  "[W]hen a

plaintiff merely alleges 'hypothetical harm,' the court must dismiss the case."  Royal Thai, 978 F.

Supp. 2d at 1333 (citing Asahi Seiko Co. v. United States, 35 CIT ____, ____, 755 F. Supp. 2d

1316, 1322 (2011)).  Attempts by this court to reconcile Severstal's hypothetical harm would thus

constitute an impermissible advisory opinion.  Zhanjiang, 991 F. Supp. 2d at 1343 ("[T]he United

States Constitution does not permit courts to issue advisory opinions.") (citing Camreta v. Greene,

563 U.S. 692, 717 (2011)); Royal Thai, 978 F. Supp. 2d at 1333 ("[A]ny discussion by the court

regarding such potential harm would be an impermissible advisory opinion.") (citing Georgetown

Steel Corp. v. United States, 16 CIT 1084, 1087–88, 810 F. Supp. 318, 322 (1992)).

Severstal's second alleged injury—the loss of the ability "to appeal the factual findings,

legal conclusions, and determinations made in Commerce's original final determination" if it does

not bring this claim now—is likewise unavailing.  Pl.'s Opp'n at 12 (emphasis in original).

Severstal is incorrect under the statutory framework.  Were Severstal to receive an above-de

minimis rate, and ultimately be subject to a CVD order following the ITC's reversal of its

negligibility determination then Severstal would be injured in fact.   Per 19 U.S.C. §
1516a(a)(2)(i)(II), Severstal could challenge this outcome by filing a summons "within thirty days
after . . . the date of publication in the Federal Register of . . . [a] countervailing duty order based
upon any determination in clause (i) of subparagraph (B)" of that provision.   Specifically, 19
U.S.C. § 1516a(a)(2)(B)(i) refers to "[f]inal affirmative determinations by [Commerce]."
Severstal could therefore bring a claim challenging elements of Commerce's final affirmative
determination upon the publication of a CVD order to which it is subject.   Such a challenge could
target Commerce's application of AFA to Severstal, and other relevant portions of Commerce's
existing Final Determination, so long as they survive Commerce's remand and thus contribute to
the basis of the CVD order.   See Royal Thai, 978 F. Supp. 2d at 1334 (describing this statutory
trajectory in regards to a similar procedural background).[4]

## CONCLUSION

For the foregoing reasons, Severstal's complaint is dismissed without prejudice.


                                                    /s/      Gary S. Katzmann
                                                        Gary S. Katzmann, Judge

Dated: April 25, 2017
          New York, New York

---

[4] The Government acknowledges that "[a]lthough Severstal may not make its challenges now
because it has suffered no injury in fact, Severstal may indeed challenge 'the factual findings, legal
conclusions, and determinations made in Commerce's original final determination,' Pls.
Opposition at 12-13, if Severstal ever suffers an injury in fact from those findings, conclusions and
determinations."  Def.'s Reply at 5.